IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

EVELYN EUBANKS, as Personal
Representative of the Estate of
SAMUEL EUBANKS,

    Plaintiffs

v.                                                   CASE NO. 1:08-cv-154-MCR-GRJ

R.J. REYNOLDS TOBACCO
CO., et al.,

    Defendants.

_____/

## O R D E R

This matter is before the Court on the "Joint Motion for Court Order Directing Malcolm Randall VA Medical Center to Release Pathology Materials." (Doc. 47.) The parties represent that Malcolm Randall VA Medical Center ("VA") has lung pathology materials for the decedent from 2006. The VA requires a court order before releasing any specimens. The parties jointly request the Court to enter an order directing the release of the pathology, subject to the following conditions:

    1. Defendant will obtain the pathology through the use of Marker Group Inc., "Markers," a third-party vendor. Markers will pick up the pathology from the VA and execute and maintain a complete chain of custody. Defendant will be responsible for any loss of or damage to the pathology while it is in their custody.

    2. After Defendant reviews the pathology, it will be delivered to Plaintiff for review. Plaintiff will be responsible for any loss of or damage to the pathology while it is in her possession.

    3. Neither Plaintiff nor Defendant may conduct any destructive testing, special staining, or otherwise alter the pathology in any way without prior written consent from the opposing party, or Court approval.

4.  If the parties consent, or the Court allows, destructive testing of any kind, the following requirements will apply:

>   A .  No testing will be conducted until all parties have first had the opportunity to review all pathology subject to testing.
>
>   B.  Plaintiff and Defendant shall each have an equal opportunity to conduct their own destructive testing.
>
>   C.  After all parties have had an opportunity to review the pathology, and recuts are made, the recuts shall be divided equally between the parties for testing.  Plaintiff will receive the odd-numbered sections, and Defendant will receive the even-numbered sections.
>
>   D.  Except as stated above, any and all testing or staining, including any results from any testing or staining, are protected as work-product under the Federal Rules of Civil Procedure.
>
>   E.  All results from destructive testing or staining on which any party's testifying expert witness will rely at trial shall be provided to the opposing party pursuant to Fed. R. Civ. P. 26.  However, the parties will not be required to produce to the opposing party any materials or test results from any non-testifying consultants or experts which that party does not plan on calling at trial and whose test results no testifying expert will rely upon, and shall not be required to identify any given individuals or test results.

Accordingly, upon due consideration, it is **ORDERED:**

1.  The Joint Motion for Court Order Directing Malcolm Randall VA Medical Center to Release Pathology Materials, (Doc. 47), is **GRANTED**.

2.  Malcom Randall VA Medical Center is authorized and directed to release any and all pathology materials for Decedent, Samuel Eubanks, including but not limited to the  lung pathology materials for the specimen taken on June 8, 2006.  Malcom Randall VA Medical Center is authorized to deliver the pathology materials to a representative from Marker Group, Inc.

3.   The release, custody, care, viewing, use and any testing of the lung pathology materials shall be subject to the conditions contained in this Order.

**DONE AND ORDERED** this 3rd day of February 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge